UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUGHES,<br><br>             Plaintiff,<br><br>    v.<br><br>DONNY YOUNGBLOOD and SARAH GONZALEZ,<br><br>             Defendants. | Case No. 1:19-cv-01249-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 16)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 17) |

This matter comes before the court upon initial review of this case that was reassigned to the undersigned. (*See* Doc. No. 15). Pending review is plaintiff's motion for extension of time (Doc. No. 16) and motion for appointment of counsel (Doc. No. 17). For the reasons set forth below, the court denies the motions, but affords plaintiff twenty-one (21) days to file an amended complaint before recommending dismissal of this action.

I.     BACKGROUND

Plaintiff John Hughes is a current state prisoner proceeding *pro* se and *in forma pauperis* in this civil rights complaint alleging medical deliberate indifference under 42 U.S.C. § 1983 filed on September 9, 2019. (Doc. Nos. 1, 5). On February 19, 2020, the court screened Hughes' complaint

1

and determined the complaint "failed to allege any facts regarding the actions of defendants, aside from a conclusory assertion that he was denied medical care" and "failed to allege specific facts as to what type of medical needs he had." (Doc. No. 6 pp. 3-4). Hughes was provided 30 days to amend his complaint. (*Id.* at 4). That order made clear failure to do so would lead to dismissal. (*Id*).

On March 16, 2020, Hughes timely moved for a 30-day extension to file his amended complaint. (Doc. No. 8). Hughes later moved on April 8, 2020 for appointment of counsel claiming the ongoing pandemic was inhibiting his access to the law library. (Doc. No. 10). On April 13, 2020, the court granted Hughes an extension of time to file his amended complaint until June 26, 2020. (Doc. No. 12). The court denied Hughes' motion for appointment of counsel noting that the pandemic predicament was not "unique" and did not rise to the exceptional circumstances warranting appointment of counsel. (*Id*).

On June 15, 2020, Hughes again timely moved for another extension until January 1, 2021 claiming difficulty accessing the law library. (Doc. No. 13). The court granted Hughes' extension in part, finding that despite Hughes challenges accessing the law library an extension until January 1, 2021 would be "extraordinary." (Doc. No. 14). Instead, the court provided Hughes with 45 additional days to file his amended complaint but requested the institution's Litigation Coordinator to assist "in facilitating plaintiff's meaningful access to the law library so that plaintiff can meet his court-ordered deadline." (*Id*. at 2).

Hughes failed to timely file an amended complaint or move for a further extension of time within the ordered 45 days. Instead, Hughes permitted over 150 days to pass and, responding to the notice of this matter's reassignment, moved again for appointment of counsel and an additional extension to file his amended complaint. (Doc. Nos. 16-17).

ANALYSIS

A. Extension of Time

On December 11, 2020, Hughes filed his third motion for an extension of time to file his amended complaint citing the pandemic's limitations on accessing the law library. (Doc. No. 16). Hughes does not specify how much additional time he needs. (*Id*). Nor does Hughes provide any

1  evidence that he sought and was denied access to the law library.

2  When the court initially ordered Hughes to amend his complaint within 30 days, it made
3  clear that his failure to timely do so would "result in the dismissal of this action." (Doc. No. 6 p.
4  4). The Court later granted Hughes two extensions, the second providing Hughes until August 14,
5  2020 to file an amended complaint. (Doc. Nos. 12, 14). That order explicitly rejected Hughes'
6  proposed extension of time until January 1, 2021, finding such a lengthy extension "extraordinary."
7  (Doc. No. 14). The court permitted Hughes an additional 45 days and took the additional step of
8  requesting the assistance of the Litigation Coordinator at Hughes' institution to ensure he would
9  meet the new deadline. (*Id.* at 2).

10  Over 150 days after Hughes was provided a 45-day deadline to file an amended complaint,
11  Hughes now moves for a third extension of time. (Doc. No. 16). Under Federal Rule of Civil
12  Procedure 6(b)(1)(B), the court may grant an extension of time after a deadline has expired when
13  "good cause" is shown and "the party failed to act because of excusable neglect."

14  Hughes has neither shown good cause for his latest extension request nor demonstrated his
15  delay was due to excusable neglect. Hughes again claims a further extension is necessary because
16  the pandemic has limited his access to the law library and other legal resources. This assertion is
17  belied by the fact Hughes could move for this third extension of time and a second appointment of
18  counsel, only after receiving notice of this matter's reassignment. The court's previous orders made
19  clear Hughes needed to timely amend his complaint or face dismissal. Hughes provides no
20  evidence that he sought and was denied access to the law library. Further, the screening order
21  identified exactly why the complaint was deficient from a pleading standard and notified Hughes
22  what he must allege to state a viable claim. (*See* Doc. No. 6).

23  While the court is sympathetic to the difficulties wrought by the pandemic on prison
24  litigants, the court is aware that other prison litigants have been able to timely comply with the
25  court's orders. Nonetheless, before recommending the dismissal of this action for failure to
26  prosecute and timely comply with the court's orders, the court will provide Hughes a final
27  opportunity to file an amended complaint within twenty-one (21) days from receipt of this Order.
28  Plaintiff is cautioned, that if he fails to timely file an amended complaint, this matter will be subject

to dismissal without prejudice without further notice.

### B. Appointment of Counsel

Hughes also moves a second time for appointment of counsel claiming hardship of litigating from prison during the pandemic. (Doc. No. 17). The court previously rejected Hughes' earlier motion for appointment of counsel due to pandemic related challenges because his predicament was neither exceptional nor unique amongst other prisoners. (Doc. No. 12). Hughes states no new grounds for the court to reconsider its previous ruling.

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Here, the court again does not find exceptional circumstances warrant appointment of counsel for Hughes. Although he is proceeding *pro se* and is incarcerated, Hughes faces the same obstacles all *pro se* prisoners face. Hughes had not demonstrated that the difficulties in prosecuting his case brought on by the pandemic have changed such to reconsider this court's previous order. Accordingly, it is **ORDERED**:

1. Plaintiff's (third) motion for extension of time (Doc. No. 16) is DENIED.

2. Plaintiff's motion to appoint counsel (Doc. No. 17) is DENIED.

3. If plaintiff wishes to prosecute this claim, he must file an amended complaint within 21 days of receipt of this order. Plaintiff's failure to timely file an amended complaint will result in the court recommending a dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated:    March 15, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE